UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN A. LASHWAY

                Plaintiff,

      v.

BRIAN S. FISHER et al.,

                Defendants.

DECISION & ORDER

14-CV-6563CJS

---

On September 25, 2014, Stephen A. Lashway ("Lashway") commenced this action *pro se* against Brian S. Fisher, the Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), various individual DOCCS employees or DOCCS inmates, Ann Marie T. Sullivan, the Commissioner for the New York State Office of Mental Health and various individual employees of the Central New York Psychiatric Center (collectively "defendants") alleging constitutional and statutory violations arising out of his incarceration at the Wende Correctional Facility in Alden, New York and the Southport Correctional Facility in Pine City, New York, and his detention in the Central New York Psychiatric Center located in Marcy, New York. (Docket # 1). Currently pending before this Court is Lashway's motion for appointment of counsel. (Docket # 35). In the motion, Lashway states that he is currently detained in the Central New York Psychiatric Center, which does not have a law library. (*Id.* at ¶ 3(a)). Additionally, Lashway states that he does not have access to the internet or to any legal materials. (*Id.*). By letter dated April 30, 2015, counsel for the

defendants confirmed that Central New York Psychiatric Center does not have a law library and that, accordingly, it may be appropriate to appoint counsel in this case.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Having reviewed the facts presented herein in light of the factors required by law and

pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I conclude that Lashway's inability to access any legal materials constitutes sufficient circumstances to justify appointment of counsel to assist Lashway with the prosecution of his claims.

For these reasons, Lashway's request for appointment of counsel **(Docket # 35)** is **GRANTED**. The Court hereby directs the *Pro Se* Clerk to identify an attorney who is willing to represent Lashway with the litigation of this matter and to advise this Court when *pro bono* counsel has been identified.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       May 1, 2015

3